IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL SHAUN SCHAFFRAN**                                                                **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:24-cv-00008-TBM-RPM**

**HARRISON COUNTY SHERIFF'S OFFICE,** *et al.*                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte* for consideration of partial dismissal. *Pro se* Plaintiff Michael Shaun Schaffran is an inmate currently housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. [1], p. 1. He filed this Complaint under 42 U.S.C. § 1983, naming the Harrison County Sheriff's Office ("HCSO") and Harrison County, Mississippi, as Defendants. [1], p. 2; [9], p. 1. Schaffran is proceeding *in forma pauperis*. [6], pp. 1-3. For the following reasons, the Court finds that Schaffran's claims against the HCSO must be dismissed with prejudice as frivolous and that HSCO should be dismissed as Defendant. At this early stage in the litigation, Schaffran's claims against Harrison County will proceed.

### I.   BACKGROUND

Schaffran argues that Defendants have violated his Eighth Amendment rights by housing him in a cell that is infested with black mold. [1], p. 4; [8], p. 2. Allegedly, the mold was so bad in his living space, the room is no longer "in use." [8], p. 1. As a result of this condition, Schaffran suffers "breathing problems" and other maladies—including a "hacking cough," fatigue, and dizziness. [1], p. 4; [8], p. 1. His "mental health" has also suffered because he believes he "was being purposely poisoned by a substance that spreads and kills." [8], p. 2.

Schaffran complains that "every . . . grievance leads to less action," [1], p. 4, though he admits

that his custodians "have tried many fixes to sanitize and clean the mold," [8], p. 2. He also complains that medical treatment costs "$10.00 per visit," creating financial hardship. [8], p. 1.

## II.  DISCUSSION

Because Schaffran is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*. So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

To maintain an action under § 1983, Schaffran must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other laws of the United States.

2

42 U.S.C. § 1983. At this stage of the screening process, the Court finds that Schaffran's claims against Harrison County are insufficiently developed to permit dispositive action at this time. The Court would benefit from further factual development to determine whether the injury Schaffran allegedly received resulted from Harrison County's unconstitutional policies, practices, or customs. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, Schaffran's claims against Harrison County will proceed, though the Court expresses no opinion on whether these claims will or will not be determined to be meritorious.

But Schaffran cannot maintain his § 1983 claims against HCSO. HCSO's capacity to be sued is determined by reference to Mississippi law. *See* FED. R. CIV. P. 17(b)(3). Under Mississippi law, a sheriff's office is not a separate legal entity that may be named as a party to a lawsuit; it is merely an extension of the county. *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006). In other words, Schaffran's § 1983 claims are properly directed at Harrison County, which is already a named Defendant. *See Ellsberry v. Carter*, No. 1:21-cv-00377-TBM-RPM, 2022 WL 1787104, at *3 (S.D. Miss. June 1, 2022). Schaffran's claims against HSCO must be dismissed with prejudice as frivolous. *E.g.*, *Atkins v. Forrest Cnty. Sheriff Dep't*, No. 2:22-cv-00059-KS-MTP, 2022 WL 2961548, at *2 (S.D. Miss. July 26, 2022) (dismissing claims against the Forrest County Sheriff's Department as frivolous); *Willard v. Harrison County Sheriff's Dep't*, No. 1:19-cv-00908-LG-RHW, 2020 WL 1339300, at *2 (S.D. Miss. Mar. 23, 2020) (dismissing claims against the Harrison County Sheriff's Department as frivolous).

### III. CONCLUSION

Having considered the entire record and applicable law, the Court dismisses Schaffran's claims against HSCO with prejudice as frivolous.

3

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Michael Shaun Schaffran's claims against the Harrison County Sheriff's Office are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Harrison County Sheriff's Office is dismissed as Defendant, and the Clerk of Court shall terminate it as Defendant on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Schaffran's claims against Harrison County, Mississippi, will proceed. An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course.

**THIS,** the 28th day of March, 2024.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**