**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **MICHAEL SHAUN SCHAFFRAN** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:24-cv-00008-RPM** |
| **HARRISON COUNTY, MISSISSIPPI** | **DEFENDANT** |

<u>**ORDER GRANTING MOTION [29] FOR SUMMARY JUDGMENT**</u>

Plaintiff Michael Shaun Schaffran, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 on January 12, 2024. Plaintiff is an inmate housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi, [1] at 1, and he names Harrison County, Mississippi, as Defendant, [9] at 1. Plaintiff's claims were clarified at an Omnibus Hearing on August 12, 2024.[1] On December 12, 2024, Harrison County filed a Motion [29] for Summary Judgment, Plaintiff responded [31], and Harrison County replied [32]. The matter being fully briefed, and for the following reasons, the Court finds that Harrison County's Motion [29] for Summary Judgment should be granted and that Plaintiff's claims against it should be dismissed with prejudice.

**I.  BACKGROUND**

Plaintiff was a pretrial detainee when the events giving rise to this lawsuit occurred. [29-1] at 8 (Omnibus Hearing Transcript). Plaintiff requests $1,000,000.00 in compensatory damages. [1] at 4. He also asks the Court to order that the following conditions at HCADC be remediated. [29-1] at 17-18.

Plaintiff claims that "[t]here [was] an infestation of black mold" in his living quarters at

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

HCADC that caused him to suffer "breathing problems," [1] at 4; *see also* [29-1] at 9-10—including a "hacking cough," fatigue, and dizziness, [8] at 1. He was eventually "put on an inhaler" for use three times per day, which he believes "is a definite sign of . . . exposure to black mold." [28] at 2. Plaintiff also claims that his "mental health" suffered because he believes he "was being purposely poisoned by a substance that spreads and kills." [8] at 2.

Allegedly, the mold was so bad in Plaintiff's living space, the cell is no longer "in use." *Id.* at 1. He complained about the issue, but he says that "every complaint . . . [led] to less action." [1] at 4. Plaintiff attached one of his grievances to the Complaint, and the response from HCADC was this: "This facility is routinely inspected by the health [department] and no black mold has been found, only mildew." [1-1] at 1. Plaintiff concedes that his custodians "have tried many times to sanitize and clean the mold," but "it just comes right back." [8] at 2. Plaintiff also testified that he received cleaning supplies "[t]wice a week," including "a broom and a little bucket with cleaner in it." [29-1] at 12. By the Omnibus Hearing, Plaintiff had been moved to a different area free of the so-called "black mold." [29-1] at 10. At that time, he had been free of exposure to mold for "[a]bout three months." *Id.*

Plaintiff also says that inadequate medical care and food have combined "to keep [him] sick." [1] at 4. Though he "was not denied medical services,"[2] he complains that he was forced to

---

[2] Plaintiff's pleadings facially raise claims about the denial of medical care and the provision of mail services at HCADC, [3-1] at 1-10; [26] at 1, but Plaintiff testified that his black-mold claim is the only one at issue here, [29-1] at 9 ("THE COURT: . . . [D]o you have any other claims or theories of recovery other than conditions of confinement relating to the presence of black mold? THE PLAINTIFF: No."). Any unrelated claims that arose after the Omnibus Hearing may—and should—be raised in a new lawsuit. *See Busick v. City of Madison*, No. 3:02-cv-00483-LS, 2007 WL 853447, at *5 (S.D. Miss. Mar. 19, 2007) ("The legislative history of the [Prison Litigation Reform Act] clearly demonstrates that its purpose was to slow the growth of conditions of confinement cases filed by prisoners. Permitting [Plaintiff] to combine two or more cases in one, with the payment of only one filing fee, is contrary to that purpose.").

pay $10.00 per visit for "sinus medication and Tylenol," and he is now "currently $69.53 in debt." [8] at 1-2.

## II.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). "In reviewing the evidence, the court must therefore retrain from making credibility determinations or weighing the evidence." *Id*. (quotation omitted).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id*. (quoting

3

*Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

## III.   DISCUSSION

Plaintiff's claims against Harrison County must be dismissed with prejudice for two reasons. First, Plaintiff has failed to demonstrate a constitutional violation as a result of the moldy conditions or the copayment requirement for medical care at HCADC. Second, Plaintiff has failed to allege and prove that a policy, practice, or custom of Harrison County caused the alleged constitutional violations against him.

### A.  Plaintiff has failed to demonstrate a constitutional violation.

"The appropriate standard to apply in analyzing constitutional challenges by pretrial detainees depends on whether the alleged unconstitutional conduct is a 'condition of confinement' or an 'episodic act or omission.'" *Seal v. Broadus*, No. 1:08-cv-01495-HSO-JMR, 2010 WL 537141, at *4 (S.D. Miss. Feb. 11, 2010) (quoting *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997)). "A conditions of confinement claim is a constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement." *Coleman v. Hogan*, No. 2:16-cv-00131-KS-MTP, 2018 WL 1998343, at *3 (S.D. Miss. Mar. 12, 2018) (quotation omitted), *report and recommendation adopted by* 2018 WL 1998524, at *1 (S.D. Miss. Apr. 27, 2018). "In order to succeed on a claim alleging unconstitutional jail conditions, a pretrial detainee must establish that the complained-of conditions have been imposed for a punitive purpose and that they have resulted in 'serious deficiencies' in providing for his 'basic human needs.'" *Id*. (quoting *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 454 (5th Cir. 2009)).

The Constitution is not concerned with a "de minimis level of imposition" on pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). "The fact that a detention interfered with

4

a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee v. Hennigan*, 98 F. App'x 286, 288 (5th Cir. 2004). Thus, a prisoner seeking to recover compensatory damages on a conditions-of-confinement claim must establish a physical injury that is more than de minimis. *Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003) (citing 42 U.S.C. § 1997e(e)).

Plaintiff's claim that "[t]here [was] an infestation of black mold" in his living quarters at HCADC fails to rise to the level of a constitutional violation. *See* [1] at 4. He claims that he suffered breathing problems as a result of the so-called black mold, [1] at 4; [8] at 1, but "[t]here are no medical records" connecting Plaintiff's symptoms with the presence of black mold or showing that he suffered any lasting harm related to this condition, *see Eaton v. Magee*, No. 2:10-cv-00112-MTP, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012); *see also Cruse v. Corr. Med. Assocs.*, No. 1:16-cv-00068-LG-RHW, 2016 WL 7477554, at *2 (S.D. Miss. Dec. 29, 2016) (rejecting black-mold claim where plaintiff failed to show that his breathing issues were "related to mold"). In fact, Plaintiff testified that no medical provider had ever connected his respiratory symptoms with "the presence of mold or mildew in [his] cell." [29-1] at 14.

And Plaintiff concedes that his custodians "tried many times to sanitize and clean the mold," [8] at 2, and that inmates received their own cleaning supplies periodically, [29-1] at 12. Thus, he has "failed to show that such conditions amounted to punishment and were not reasonably related to a legitimate governmental purpose." *See McCarty v. McGee*, No. 2:06-cv-00113-MTP, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008); *see also Moore v. Stevens*, No. 2:17-cv-00146-KS-MTP, 2019 WL 2063524, at *3 (S.D. Miss. Apr. 12, 2019) (recommending dismissal of black-mold claim where plaintiff had failed to demonstrate "how [the] 'black mold' functioned as a

5

punishment or was intended to be punitive"), *report and recommendation adopted by* 2019 WL 2062515, at *1 (S.D. Miss. May 9, 2019).

Plaintiff "is under the misconception that he is entitled to a 'comfortable prison.'" *Causey v. Allison*, No. 1:08-cv-00155-RHW, 2008 WL 4191746, at *2 (S.D. Miss. Sept. 9, 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)). He is not. "The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain*, No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). "The mere fact that there is mold, mildew, or fungus does not warrant relief." *Moore*, 2019 WL 2063524, at *3 (quotation omitted).

Moreover, "a copay system in a county jail is permissible, provided that medical services are not denied to those who are unable to pay." *Broome v. Scaman*, No. W-19-CA-586-ADA, 2019 WL 13276546, at *4 (W.D. Tex. Dec. 3, 2019) (emphasis omitted) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996)). Plaintiff affirmatively represents that he "was not denied medical services," [8] at 2, and the limited medical documentation included in this record confirms that to be true, *e.g.*, [3-1] at 6-9; [27-2] at 1. Plaintiff's "claim concerning copay requirements is . . . without a basis in law and should be dismissed as frivolous." *See Bell v. La. Dep't of Pub. Safety & Corrs.*, No. 3:15-cv-2180, 2015 WL 9997239, at *4 (W.D. La. Dec. 7, 2015), *report and recommendation adopted by*, 2016 WL 427929, at *1 (W.D. La. Feb. 3, 2016). "[N]othing in the Constitution guarantees inmates the right to be entirely free from costs associated with medical care." *Id*. at *3; *see also Muckleroy v. Davis*, No. 6:22-cv-00150, 2023 WL 2338054, at *10 (E.D. Tex. Jan. 12, 2023) ("Jail officials are not required under the Eighth Amendment to provide cost-free medical care."), *report and recommendation adopted by* 2023 WL 2332241, at *1 (E.D. Tex.

Mar. 2, 2023).

### B. Plaintiff has otherwise failed to allege and prove the requirements for imposing municipal liability on Harrison County.

"Municipalities cannot be held liable under Section 1983 on a theory of respondeat superior, but [they] may be liable under Section 1983 'when [the] execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury.'" *Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *7 (S.D. Miss. Mar. 31, 2022) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). That is, "municipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quotation omitted). These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id*. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id*.

"The Fifth Circuit has identified two forms that 'official policy' may take." *Showers*, 2022 WL 989149, at *8. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Id*. (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). "In the alternative, a plaintiff may demonstrate a 'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal

7

policy.'" *Id*. (quoting *Webster*, 735 F.2d at 841).

"The Fifth Circuit has stated time and again that without an underlying constitutional violation, an essential element of municipal liability is missing." *Clifford v. Harrison Cnty., Miss.*, 596 F. Supp. 3d 634, 642 (S.D. Miss. 2022) (quotations and brackets omitted). Having determined that no constitutional violation occurred, the Court need look no further here.

In any event, Plaintiff was specifically asked to "describe which policies, practices, or customs . . . establish that Harrison County . . . violated [his] constitutional rights." [7] at 2. He responded that Harrison County had violated his rights "by keeping [him] . . . in a cell that contains black mold." [8] at 1. But Plaintiff has offered no "summary-judgment evidence identifying any official policy that caused his constitutional violations," nor has he "identif[ied] a custom amounting to official-municipal policy." *Amerson v. Pike Cnty., Miss.*, No. 3:09-cv-00053-DPJ-FKB, 2013 WL 53900, at *3 (S.D. Miss. Jan. 3, 2013) (granting summary judgment for Pike County under similar circumstances). In other words, Plaintiff has failed to show that Harrison County has an official policy or well-settled custom of housing inmates in proximity to black mold. And the evidence contradicts any such assertion: Plaintiff admits that his custodians tried to clean the cells and that inmates are regularly provided with their own cleaning supplies. [8] at 2; [29-1] at 12.

Plaintiff's claims against Harrison County must be dismissed with prejudice for this reason too. *E.g.*, *Mills v. Adams Cnty., Miss*., No. 5:18-cv-00024-KS-MTP, 2019 WL 4794744, at *3-4 (S.D. Miss. July 17, 2019) (recommending that claims against Adams County be dismissed with prejudice at the summary-judgment stage where the plaintiff had "not alleged facts necessary to demonstrate a claim for municipal liability"), *report and recommendation adopted by* 2019 WL

8

4783108, at *1 (S.D. Miss. Sept. 30, 2019); *Tuskan v. Jackson Cnty., Miss.*, No. 1:13-cv-00356-HSO-RHW, 2016 WL 7647693, at *7-8 (S.D. Miss. June 24, 2016) (dismissing claims against Jackson County with prejudice for the same reason).

* * *

In response to Harrison County's Motion [29] for Summary Judgment, Plaintiff reports that he "has no real way to gather evidence . . . [regarding] . . . the black mold within the facility." [31] at 1. He insists that "the only real evidence is the lung condition [he has] developed as a cause." *Id.* The Court has considered whether Plaintiff's response requires relief under Federal Rule of Civil Procedure 56(d). *See Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007) ("Briefs by pro se litigants are afforded liberal construction.").

Under Rule 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its [summary-judgment] opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). "To establish a right to relief [under Rule 56(d)], [Plaintiff] must show by affidavit or declaration that there are specific reasons he cannot present essential facts to oppose [Harrison County's] Motion." *See Kermode v. Univ. of Miss. Med. Ctr.*, No. 3:09-cv-00584-DPJ-FKB, 2011 WL 2619096, at *7 (S.D. Miss. July 1, 2011) (quotations omitted). "In other words, he 'must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "[T]his showing may not simply rely on vague

9

assertions that additional discovery will produce needed, but unspecified, facts." *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 296 (5th Cir. 2014) (quotation and last brackets omitted).

"Moreover, a party seeking relief under Rule 56(d) must also have 'diligently pursued discovery.'" *Carroll v. Fort James Corp.*, No. 1:04-cv-00003-HSO-JCG, 2020 WL 13490057, at *2 (S.D. Miss. Dec. 15, 2020) (quoting *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017)). "[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth." *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

To be clear, Plaintiff does not ask the Court to defer its consideration of Harrison County's Motion, nor does he ask for additional time to conduct discovery. Even had he requested relief under Rule 56(d), though, it is unavailable for three reasons. First, Plaintiff's request is not supported by an affidavit or declaration, and this Court "routinely den[ies] such unaccompanied motions." *Kermode*, 2011 WL 2619096, at *8 n.4; *see also Shoemaker v. Robinson*, No. 3:09-cv-00645-DPJ-FKB, 2011 WL 679206, at *3 (S.D. Miss. Feb. 16, 2011). Second, Plaintiff has "not shown how additional discovery would create a genuine issue of material fact." *See Carroll*, 2020 WL 13490057, at *2. Third, Plaintiff had three months within which to conduct discovery, and the record does not indicate that he propounded a single discovery request during that time. Thus, Harrison County's Motion [29] for Summary Judgment is ripe for consideration now.

For the reasons articulated above, Harrison County has carried its initial summary-judgment burden of demonstrating its entitlement to judgment as a matter of law. Plaintiff has adduced no evidence at all to rebut that conclusion. Thus, Plaintiff has not carried his burden as non-movant of "go[ing] beyond the pleadings and designat[ing] specific facts showing that there

is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## IV.  CONCLUSION

The Court has considered the arguments presented, and any not specifically addressed would not have changed the outcome. Having thoroughly reviewed and liberally construed Plaintiff's pleadings and testimony, along with the Motion [29] for Summary Judgment pending,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Harrison County, Mississippi's Motion [29] for Summary Judgment is **GRANTED**. Plaintiff Michael Shaun Schaffran's claims against Harrison County are **DISMISSED WITH PREJUDICE**, and this case is **CLOSED**.

**SO ORDERED AND ADJUDGED,** this 10th day of June, 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE